1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| U.S. TRUSTEE,<br><br>                      Plaintiff,<br><br>      v.<br><br>TRACY TALLY,<br><br>                     Defendant. | CASE NO. 15-5598 RJB<br><br>ORDER ON MOTION FOR WITHDRAWAL OF THE REFERENCE AND SETTING DEADLINES |

11
12
13
14
15
16
17
18
19
20
21
22
23
24

This matter comes before the Court on the U.S. Trustee's Motion for Withdrawal of the Reference. Dkt. 1. The Court has reviewed the motion, the record in the underlying bankruptcy *In Re: Nancy Jeanne Laurendeau,* U.S. Bankruptcy Court for the Western District of Washington case number 13-46234 PBS, and the remaining record, and is fully advised.

## I.    <u>FACTS</u>

On October 2, 2013, Nancy Jeanne Laurendeau filed for debt relief under Chapter 7 of the U.S. Bankruptcy Code. *In Re: Nancy Jeanne Laurendeau,* U.S. Bankruptcy Court for the Western District of Washington case number 13-46234 PBS, Dkt. 1. (The following citations are to the bankruptcy case unless otherwise noted). On December 5, 2013, the U. S. Trustee

ORDER ON MOTION FOR WITHDRAWAL OF
THE REFERENCE AND SETTING DEADLINES-
1

filed an Ex Parte Application for a Fed. R. Bankruptcy P. 2004 Examination of Tracy Tally and Production of Documents.  Dkt. 18.  The U.S. Trustee maintained in the application that it believed that Tracy Tally was the bankruptcy petition preparer for Ms. Laurendeau.  *Id.*  On December 16, 2013, the Bankruptcy Court issued an order directing the examination and production of documents.  Dkt. 20.  On January 7, 2014, Ms. Laurendeau was discharged from bankruptcy.  Dkt. 21.

On March 18, 2014, a Stipulated Judgment was entered against Tracy Tally and No More Driving Dirty, a debt relief agency with which she is affiliated.  Dkt. 25.  The Judgment provided that Ms. Tally and No More Driving Dirty are enjoined from serving as a bankruptcy petition preparer[s], from preparing or filing any bankruptcy document without the U.S. Trustee's permission, and from the unauthorized practice of law.  *Id.*  The Stipulated Judgment also stated that "[e]ach violation of this injunction shall be punishable by not less than a $3,000 fine, and such further sanctions as ordered by the Court."  *Id.*  The case was closed on April 9, 2014.

On May 8, 2014, the Bankruptcy Court granted the U.S. Trustee's Ex Parte Motion to Reopen Case.  Dkt. 28.  On May 29, 2014, a hearing was held on the U.S. Trustee's Motion for Enforcement of the Stipulated Judgment, in which the Trustee asserted that Ms. Tally was violating the Stipulated Judgment and continuing to prepare bankruptcy petitions.  Dkts. 29-35.  On June 14, 2014, the Bankruptcy Court found Mr. Tally violated the Stipulated Judgment, and ordered her to pay $9,000 in fines and disgorge $1,000 in fees she collected from two debtors.  Dkt. 38.

On July 14, 2014, the U.S. Trustee filed a Second Motion for Enforcement of Stipulated Judgment and Motion for Order to Show Cause.  Dkt. 40.  The U.S. Trustee alleged that Ms. Tally continued to violate the Stipulated Judgment and prepared bankruptcy petitions for two

1  additional debtors.  *Id.*  The Trustee also moved for an order for Ms. Tally to show cause why

2  she should not be sanctioned for failing to comply with the Stipulated Judgment.  *Id.*  On August

3  7, 2014, the Bankruptcy Court entered the Second Order Enforcing Judgment Against Tracy

4  Tally and No More Driving Dirty, ordering her to pay an additional $6,000 in fines and disgorge

5  the fees she collected from the debtors.  Dkt. 48.  The show cause hearing was set for September

6  4, 2014.  *Id.*

7         On September 4, 2014, a hearing was held regarding the U.S. Trustee's motion for an

8  order for Ms. Tally to show cause why she should not be sanctioned for failing to comply with

9  the Stipulated Judgment.  Ms. Tally failed to appear.  On September 26, 2014, the Bankruptcy

10  Court issued an order holding Tracy Tally in contempt and directing the U.S. Marshal to locate

11  and apprehend Ms. Tally for appearance in court.  Dkt. 58.

12         On April 23, 2015, a hearing was held and Ms. Tally's appearance was compelled by the

13  U.S. Marshal.  Dkt. 76.  Ms. Tally was ordered to produce documents and again appear for a

14  hearing set for May 7, 2015, which was continued at Ms. Tally's request to May 21, 2015.  *Id.*

15  Ms. Tally failed to appear at the May 21, 2015 hearing, and the hearing was continued to June

16  25, 2015.  *Id.*  Ms. Tally appeared at the June 25, 2015 hearing.  *Id.*  The Bankruptcy Court then

17  entered an order, found that Ms. Tally violated the Stipulated Judgment, and established a

18  payment plan for Ms. Tally to pay the sums due the U.S. Trustee, and set a further hearing.  *Id.*

19  Ms. Tally's first payment was due on July 1, 2015.  *Id.*

20         According to the U.S. Trustee, Ms. Tally has not made any payments due under the plan.

21  Dkt. 78.

22         On July 23, 2015, the U.S. Trustee filed the instant Motion for Withdrawal of the

23  Reference.  Dkt. 78; filed under this case at Dkt. 1-1.  (All further citations to the record will be

24

1   docket entries in this case number).  The motion seeks an order withdrawing the reference to

2   U.S. Bankruptcy Court.  Dkt. 1-1. The Trustee indicates that it believes that stronger relief is

3   needed "to coerce Ms. Tally's compliance with the Settlement Order, and to continue to punish

4   her for her intentional and continuing disrespect of the bankruptcy court's orders."  Dkt. 1-1, at

5   11.  The Trustee states that it intends to "institute further proceedings to find Ms. Tally in

6   criminal contempt" and seek "sanctions of substantial fines and/or imprisonment."  Dkt. 1-1, at

7   10.  The Trustee maintains that it both mailed a copy of the motion and attachments to Ms.

8   Tally's address of record with the Court and emailed a copy of those documents to an email

9   address that had previously been used to correspond with Ms. Tally.  Dkt. 1-1, at 53.   On July

10  30, 2015, the motion and attachments which were mailed to Ms. Tally were returned by the U.S.

11  Postal Service as "unable to forward."  *Id.*

12         The case was assigned to the undersigned on August 25, 2015.  In the interest of giving

13  all parties notice and an opportunity to respond, the Motion for Withdrawal of the Reference was

14  renoted to September 18, 2015.  Dkt. 3.  The Court noted that "[w]hat, if anything, should occur

15  if the motion is granted is not now before the Court."  *Id.*  The order was sent to Ms. Tally's

16  address on record.  On September 4, 2015, the Order renoting the Motion for Withdrawal of the

17  Reference was returned by the U.S. Postal Service. Dkt. 5.  It was marked as "no mail receptacle

18  unable to forward."  *Id.*

19         Ms. Tally did not respond to the motion.

20                        **II.    DISCUSSION**

21  **A.  MOTION TO WITHDRAW REFERENCE**

22         The underlying bankruptcy case was initially referred by this Court to the United States

23  Bankruptcy Court pursuant to 28 U.S.C. § 157(a).  Under § 157(d), "a district court may

24

ORDER ON MOTION FOR WITHDRAWAL OF
THE REFERENCE AND SETTING DEADLINES-
4

withdraw, in whole or in part, any case or proceeding" referred to the United Bankruptcy Court

"on its own motion or on timely motion of any party, for cause shown."

1. Timeliness

A "timely" motion to withdraw is filed "as promptly as possible in light of the developments

in the bankruptcy proceeding." *Security Farms v. International Broth. of Teamsters, Chauffer,*

*Warehousemen, & Helpers*, 124 F.3d 999, 1007 n. 3 (9th Cir. 1997).

The Motion for Withdrawal of the Reference (Dkt. 1-1) should be granted.  The reference of

the proceedings related to Ms. Tally's contempt should be withdrawn from the U.S. Bankruptcy

Court.   The motion is sufficiently timely.  It appears to have been made after the Bankruptcy

Court used civil contempt sanctions to gain compliance from Ms. Tally.

2. Cause

In determining whether cause exists to withdraw the reference to bankruptcy court, courts

consider: "the efficient use of judicial resources, delay and costs to the parties, uniformity of

bankruptcy administration, the prevention of forum shopping, and other related factors." *Security*

*Farms v. International Broth. of Teamsters, Chauffer, Warehousemen, & Helpers*, 124 F.3d 999,

1008 (9th Cir.1997) (*citing In re Orion Pictures, Corp.*, 4 F.3d 1095, 1101 (2nd Cir.1993)).

Cause exists to withdraw the reference here.  Withdrawal of the reference would result in the

most efficient use of judicial resources.  *See In re Rowett*, No. C15-1028 RSM, 2015 WL

4604128, at *6 (W.D. Wash. July 29, 2015).  In the Ninth Circuit, bankruptcy courts are

prevented from imposing criminal contempt sanctions.  *In re Lehtinen*, 564 F.3d 1052, 1058–59

(9th Cir.2009), cert. denied, 558 U.S. 1048, 130 S.Ct. 739, 175 L.Ed.2d 515 (2009).  This Court

has criminal contempt powers as set forth in 18 U.S.C. § 401 and as governed by Federal Rule of

Criminal Procedure 42.  *See In re Rowett*, at 6.  While the bankruptcy court could prepare a

report and recommendation regarding whether criminal contempt sanctions are advisable, that extra step is unnecessary.  Withdrawal of the reference would also reduce delay in resolving the issues and costs to the parties.  There is no evidence that withdrawal of the reference for this Court to manage the criminal contempt proceedings would impact the uniformity of bankruptcy administration.  There is no evidence withdrawal of the reference here would cause forum shopping.  The Motion for Withdrawal of the Reference (Dkt. 1-1) should be granted.

**B.  PROCEDURAL MATTERS and STATUS REPORT**

Pursuant to Fed. R. Crim. P. 42(a) "Criminal Contempt:"

(1) Notice. The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
(A) state the time and place of the trial;
(B) allow the defendant a reasonable time to prepare a defense; and
(C) state the essential facts constituting the charged criminal contempt and describe it as such.

(2) Appointing a Prosecutor. The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

(3) Trial and Disposition. A person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides and must be released or detained as Rule 46 provides. If the criminal contempt involves disrespect toward or criticism of a judge, that judge is disqualified from presiding at the contempt trial or hearing unless the defendant consents. Upon a finding or verdict of guilty, the court must impose the punishment.

This case should be referred to the U.S. Attorney to determine whether prosecution of this matter should occur, if at all, and whether the U.S. Attorney should be appointed to prosecute. The U.S. Trustee should be ordered deliver a copy of this order to the U.S. Attorney forthwith. The U.S. Trustee and/or U.S. Attorney should file a status report regarding the case by October 9, 2015.

### III.   ORDER

**IT IS ORDERED**:

- The U.S. Bankruptcy Trustee's Motion for Withdrawal of the Reference (Dkt. 1-1) **IS GRANTED;**
    - o The reference of the proceedings related to Ms. Tally's contempt should be withdrawn from the U.S. Bankruptcy Court;
    - o The remainder of the bankruptcy proceedings remain referred to the U.S. Bankruptcy Court;
- This case is referred to the U.S. Attorney to determine whether prosecution of this matter should occur, if at all, and whether the U.S. Attorney should be appointed to prosecute;
- The U.S. Trustee shall deliver a copy of this order to the U.S. Attorney forthwith; and
- The U.S. Trustee and/or U.S. Attorney shall file a status report regarding the case by **October 9, 2015**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of September, 2015.

ROBERT J. BRYAN
United States District Judge